UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED OF OMAHA LIFE**
**INSURANCE COMPANY,**

      **Plaintiff,**

v.                                                     Case No: 6:24-cv-734-WWB-DCI

**VIVIAN MOBLEY and WILSON**
**GRAVES,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff United of Omaha Life Insurance Company's Motion for Leave to Deposit Funds, Discharge and Attorney's Fees (Doc. 19)** |
| **FILED:** | **August 1, 2024** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

This case involves competing claims for a Death Benefit due under a life insurance policy issued by Plaintiff.  *See* Docs. 1; 19.  Plaintiff filed a complaint seeking to have Defendants interplead their competing claims and asking the Court to discharge Plaintiff from all further liability with respect to the Death Benefit, to dismiss Plaintiff from the case, and to award Plaintiff attorney fees and costs.  Doc. 1 at 4.  Accordingly, Plaintiff filed the instant Motion for Leave to Deposit Funds, Discharge, and Attorney's Fees requesting permission to tender to the Clerk of

Court the proceeds in controversy—$15,000.00—for deposit into the Court's registry. Doc. 19 (the Motion). In the Motion, Plaintiff states that it cannot determine the proper beneficiary of the funds and that it has no claim to any interest in the funds to be deposited. *Id.* at 5. Defendant Wilson Graves (Graves) filed a Response in opposition to the Motion. Doc. 24. Upon due consideration and being otherwise fully advised, the Motion is due to be granted in part and denied in part.

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *Ohio Nat. Life. Assur. Corp. v. Langkau ex rel. Estate of Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009). Interpleader is appropriate where the stakeholder may be subject to adverse claims that might expose the party to multiple liability on the same fund. *See id.*

It is clear that Plaintiff's decision to file the interpleader action was appropriate given the competing claims to the Death Benefit proceeds. Therefore, the Court determines that Plaintiff will be discharged of all liability relating to the payment of the Death Benefit proceeds after it deposits the proceeds into the Court's registry.

The Court notes Graves' objection to the Motion but finds it without merit. Graves' objections primarily concern what he alleges to be various falsehoods within the interpleader complaint itself. Doc. 24 at 1-2. It appears that Graves mainly provides the Court with his argument concerning his rightful claim to the Death Benefits. However, that is not at issue in the Motion. To be sure, once Plaintiff deposits the funds in the Court's registry, Plaintiff is no longer a necessary party to the determination of the proper beneficiary of the proceeds—accordingly, allowing the deposit of the proceeds and the discharge of Plaintiff will not affect the Court's ability

to declare the proper beneficiary of the proceeds. *See Stephenson v. Prudential Ins. Co. of Am.*, 2016 WL 4766346, at *3 (M.D. Fla. Sept. 13, 2016).

As for Plaintiff's request for attorney fees and costs, the Court finds that an award of attorney fees in this action would be inappropriate. To be sure, the Eleventh Circuit has stated:

> Attorneys' fees are justified in many interpleader actions for several reasons. First, an interpleader action often yields a cost-efficient resolution of a dispute in a single forum, rather than multiplicitous, piecemeal litigation. Second, the stakeholder in the asset often comes by the asset innocently and in no way provokes the dispute among the claimants. Third, fees for the stakeholder typically are quite minor and therefore do not greatly diminish the value of the asset.

*In re Mandalay Shores Co-op Housing Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994).

However, the Eleventh Circuit has also stated that insurance companies are not "innocent stakeholders who unwittingly come into possession of a disputed asset." *Id.* The *Mandalay Shores* court[1] noted that attorney fees are not warranted "when a stakeholder's interpleader claim arises out of the normal course of business." *Id.* In discussing this principle, the *Mandalay Shores* court stated:

> The principle behind the normal-course-of-business standard is simple: an insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds—disputes that arise with some modicum of regularity. In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award.

---

[1] The Court is mindful of the fact that *Mandalay Shores* concerned the issue of attorney fees for an interpleader bank, not an insurance company. *See Mandalay Shores*, 21 F.3d at 383. However, the Court agrees with the line of decisions in this circuit that "the [*Mandalay Shores*] court's discussion of attorney fee awards is instructive as well as persuasive." *Campbell v. North Am. Co. for Life and Health Ins.*, 2007 WL 2209249, at *6 (M.D. Fla. July 30, 2007); *see also Life Investors Ins. Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1256-57 (M.D. Ala. May 23, 2002) (citing *Mandalay Shores* and finding that "[t]here is nothing in the record to indicate that [Plaintiff] is anything other than an insurance company in a routine dispute over the proceeds of a life insurance policy.").

*Id.*

"Where a court does find an interpleader to be a disinterested, innocent stakeholder, any fee award should be made 'consistent with equitable principles.'" *Campbell*, 2007 WL 2209249, at * 6 (quoting *Harris Corp. v. Dunn*, 2006 WL 1275062, at *6 (M.D. Fla. May 5, 2006)). "In such a situation, 'the usual practice is to tax the costs and fees against the interpleader fund.'" *Campbell*, 2007 WL 2209249 at *6 (quoting *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986)). "The fees for the stakeholder are typically quite minor and therefore do not greatly diminish the value of the asset." *Mandalay Shores*, 21 F.3d at 383; *see also Unum Life Ins. Co. of Am. v. Kaleo*, 2006 WL 1517257, at *3 (M.D. Fla. May 24, 2006) (finding an award of $6,698.00 from a $40,000.00 fund would "greatly diminish the value of the asset."); *Childs*, 209 F. Supp. 2d at 1256 (finding fees over two percent of the total stake were not "quite minor").

Even if the Court were to find that Plaintiff was entitled to attorney fees, Plaintiff seeks $3,750.00 in fees and costs to be deducted from the Death Benefit proceeds. Doc. 19 at 7. That is 25% of the total proceeds in question—an award of that magnitude would "greatly diminish the value of the asset." *Kaleo*, 2006 WL 1517257 at *3. Likewise, 25% of the total stake far exceeds the "quite minor" awards envisioned by the Eleventh Circuit. *See Mandalay Shores*, 21 F.3d at 383.

Nevertheless, the Court finds that Plaintiff is not entitled to attorney fees because the costs at issue arose out of Plaintiff's normal course of business. Where disputes over payments of proceeds arise in the normal course of business and the costs of handling such disputes may reasonably be taken into account as a cost of doing business, an interpleader insurance company is not entitled to attorney fees. *Mandalay Shores¸* 21 F.3d at 382-84. As another court has aptly stated, this Court is "not impressed with the notion that whenever a minor problem arises in the

payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business to (the claimant) by bringing an action for interpleader." *Minnesota Mut. Life Ins. Co. v. Gustafson*, 415 F. Supp. 615, 618 (N.D. Ill. 1976) (citing *Travelers Indemnity Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1965)).  While the Court is mindful of the time and effort Plaintiff has expended in attempting to have Defendants resolve this case amongst themselves, there is no evidence that the instant matter is unique among matters routinely handled by Plaintiff or is otherwise not in Plaintiff's normal course of business.  *See Campbell*, 2007 WL 2209249, at *7.  Accordingly, the Court declines to use its discretion to award attorney fees in the instant case.

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 19) is **GRANTED in part** such that Plaintiff shall tender the Death Benefit proceeds at issue via check made payable to: "Clerk of the United States District Court for the Middle District of Florida."  The check shall include the case number for this action;

2. The Clerk of the Court is directed to deposit Plaintiff's check into a special interest-bearing account as provided in Local Rule 7.03;

3. Payment of the Death Benefit proceeds to the Clerk of the Court will discharge Plaintiff of all liability and the Court dismisses Plaintiff from the remainder of this case; and

4. The Motion (Doc. 19) is **DENIED in part** as to Plaintiff's request for attorney fees and costs.

**ORDERED** in Orlando, Florida on August 19, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties