**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VIVIAN MOBLEY,**

        **Plaintiff,**

**v.**                                                              **Case No: 6:24-cv-734-AGM-DCI**

**WILSON GRAVES,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION**

This matter comes before the Court following the May 18, 2026 settlement conference held before the undersigned (the Conference).  As will be explained, Defendant Wilson Graves (Graves) has not meaningfully participated in this case since November 2025.  Further, Graves has violated several Court orders; leading the undersigned to **RECOMMEND** that the Court order the Clerk to **ENTER DEFAULT JUDGMENT** against Graves as a sanction under Federal Rule of Civil Procedure (Rule) 16(f) and due to his apparent abandonment of any claim to the interpleader funds in this case.

### I.   BACKGROUND

This case commenced on April 19, 2024, when United of Omaha Life Insurance Company (United) filed a complaint for interpleader between Vivian Mobley (Mobley) and Graves.  Doc. 1 (the Complaint).  In the Complaint, United alleges that it issued policy no. UR4240334 (the Policy) to Eunice M. Graves—the Policy provided a death benefit of $15,000 (the Death Benefit).  *Id.* at 2.  When the Policy was initiated in 2018, Graves—the husband of Eunice M. Graves—was the beneficiary of the Death Benefit under the Policy.  As alleged in the Complaint, "On May 6, 2022,

United of Omaha received and processed a change of beneficiary request to change the beneficiary of the Policy to the Decedent's daughter, Vivian Mobley." *Id*. at 2. Upon Eunice M. Graves' death, Mobley and Graves "both claim[ed] entitlement to the Death Benefit under the Policy." *Id.* at 4. United then filed the Complaint requesting that, among other things, "The Court order each of the Defendants to interplead and settle among themselves their respective rights and claim to the Death Benefit under the Policy." *Id.* at 5. United also attached to the Complaint a change of beneficiary confirmation letter naming Mobley as the beneficiary (Doc. 1-2), as well as the competing claims for the Death Benefit (Docs. 1-2, 1-3, 1-3). In sum, in his claim to the Death Benefits, Graves asserted that the 2022 change in beneficiary from Graves to Mobley was invalid. Doc. 1-4.

On August 19, 2024, the undersigned entered an order dismissing United as a party in the matter and ordering that the Death Benefit proceeds be deposited by check in the Court's registry. Doc. 25 at 5. The District Judge later entered an order acknowledging receipt of the Death Benefit funds, terminating United as a party, and directing the Clerk to "restyle this case Vivian Mobley, Plaintiff, versus Wilson Graves, Defendant." Doc. 29 at 1. The Court subsequently issued a case management and scheduling order requiring the parties to mediate on or before August 15, 2025. Doc. 38 at 2.

The parties failed to mediate by the deadline, and the Court issued an order to show cause stating: "the parties shall advise the Court on the status of mediation on or before November 10, 2025. Failure to comply with this Order may result in dismissal without prejudice or other appropriate sanctions pursuant to Local Rule 3.10." Doc. 39. On November 12, 2025, Mobley filed a notice explaining that she and "Mr. Graves are not able to come to an agreement," and that "[Graves] stated that he wants to take this to trial." Doc. 42. Graves filed a document titled

2

"Defendant Wilson Graves Response to Plaintiff's Claim" in which Graves responded to United's Complaint but failed to address the order to show cause or the status of mediation.[1]  Doc. 43. Ultimately, neither party addressed the Court's October 24, 2025 order to show cause.

On December 31, 2025, the Court dismissed the case without prejudice due to the parties' failure to abide by the CMSO and respond to the order to show cause.  Doc. 44.  After the Clerk closed the case, Mobley filed a motion for a settlement conference and to reopen the case.  Doc. 48.  The Court granted the motion, instructing the Clerk to re-open the case and directing the assigned magistrate judge to schedule a settlement conference.  Doc. 49.

On February 12, 2026, the undersigned issued an order that: "On or before March 4, 2026, the parties shall file a joint notice proposing three dates that the parties find mutually agreeable for the settlement conference."  Doc. 50.  Mobley timely filed a notice providing her availability for the settlement conference and represented that "Mr. Graves has advised that he resides in the Orlando, Florida area and is available on any date the Court selects."  Doc. 52 at 1.  The Court then issued an order setting the settlement conference for May 18, 2026 and providing three deadlines by which the parties must engage in pre-settlement conference negotiations without the Court's involvement.  Doc. 54 (the Settlement Conference Notice).  The Settlement Conference Notice also required that: "on or before May 13, 2026," the parties must send the undersigned's chambers "a concise confidential statement of the evidence the party expects to produce at trial and a full outline of the settlement negotiations to date, including a copy of Plaintiff's written offer and Defendant's counter-offer."  *Id.* at 1-2.  On May 14, 2026, Mobley emailed the undersigned's

---

[1] The mailing envelope for Graves' response lists his address as: "1430 Dixon Blvd., Apt. 320 Cocoa, FL 32922."  Doc. 43-1 at 1.  This is the current address the Clerk has on file for Graves, but the docket reflects that the Court's April 21, 2026 order did not reach him—it was "returned marked as: Unable to Forward."  Doc. 55.  Graves has not notified the Court of a change of address.

chambers and explained that she has "not been able to contact Mr. Graves via phone and [is] not certain that he has received the previous mail notifications that [she has] sent per the court previous order Doc 50." *See* **Exhibit 1**.

On May 18, 2026 at 9:00 AM, the Court held the settlement conference. Doc. 56. Mobley appeared but Graves did not. The Court asked Mobley about her attempts to communicate with Graves and then terminated the proceedings at 9:23 AM due to Graves' failure to appear. *Id.*

## II.     LEGAL STANDARD

District courts have "the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Rule 16 provides district courts with the "power to facilitate settlement discussions." *In re Novak*, 932 F.2d 1397, 1403 (11th Cir. 1991); *see also* Fed. R. Civ. P. 16(c)(1). Pursuant to this Rule, the Court "may require that a party or its representative be present or reasonably available by other means to consider possible settlement." Fed. R. Civ. P. 16(c)(1). Incident to this power, Rule 16(f) provides that the court may impose formal sanctions:

> (1) . . . including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
>
>> (A) fails to appear at a scheduling or other pretrial conference;
>>
>> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>>
>> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f). The Rule 37 sanctions incorporated into Rule 16 include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

4

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii).

"Rule 16(f) sanctions were 'designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation.'" *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003) (quoting *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985)).  However, a "finding of bad faith is not a prerequisite to sanctions under Rule 16(f)." *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2021 WL 1739293, at *3 (S.D. Fla. May 3, 2021) (citing *Giovanno v. Fabec*, 804 F.3d 1361, 1366 n.5 (11th Cir. 2015).  Rule 16(f) sanctions may even be "appropriate for negligent failure to comply with court orders," *Ross v. Lamberti*, 2010 WL 11505214, at *5 (S.D. Fla. July 16, 2010) (citations omitted), and may be "imposed to vindicate the integrity of the court and deter future violations" of court orders.  *Pinero v. Corp. Cts. At Miami Lakes*, 389 F. App'x 886, 889 (11th Cir. 2010).  "Although not expressly required by Rule 16(f), in deciding whether to impose sanctions, the Court can look to whether the conduct in question is part of a pattern of behavior." *In re Zantac*, 2021 WL 1739293, at *3 (citations omitted).

### III.    DISCUSSION

The undersigned finds that the sanction of default judgment is warranted in the instant case where Graves has violated several of the Court's orders and has not meaningfully participated in the matter since November 13,  2025.  *See* Doc. 43 (the last filing made by Graves); *United States*

*v. Erilus*, 2018 WL 3727349, at *2 (M.D. Fla. July 27, 2018), *report and recommendation adopted,* 2018 WL 3854798 (M.D. Fla. Aug. 14, 2018) ("Default is an appropriate sanction for a defendant's failure to participate in litigation and/or respond to a court's orders.").

The Court previously dismissed this case due to the parties' failure to comply with its orders, stating:

> THIS CAUSE comes before the Court upon review of the file. No later than August 15, 2025, this case was ordered to be mediated. (Doc. # 38). No later than November 10, 2025, the parties were ordered to advise the Court on the status of mediation. (Doc. # 39). Notice was given that a failure to comply may result in dismissal without prejudice.
>
> The time for compliance has passed. Given the non-compliance, dismissal is appropriate. No lesser sanction would adequately address the repeated noncompliance or ensure the orderly administration of this case.

Doc. 44. Graves has not filed anything since the Court's order dismissing the case. But Mobley's filings in the wake of the Court's order reveal that she struggled to contact Graves—making compliance with Local Rule 3.01(g) difficult. Two weeks after the Court closed the case, Mobley sought to re-open the case and explained that "Mr. Gaves and I could not come to an agreement. Mr. Graves advised that he would like to go to trial. I currently do not have Mr. Graves contact information as his number has changed several times." Doc. 46. The Court denied that motion for failure to confer in accordance with Local Rule 3.01(g). Doc. 47. Mobley then filed a Motion for Settlement Conference requesting that the Court "schedule a settlement conference before a United States Magistrate Judge." Doc. 48. The Court re-opened the case and granted that motion, but the undersigned notes that the 3.01(g) certification describes conferral attempts as "substantive discussions" made in person on March 3, 2025 and at least one other conferral attempt made "via telephone several months later." Doc. 48 at 1. In short, these filings do not describe any successful conferral with Graves.

6

Since the Court re-opened the case, Graves has failed to comply with the Court's orders. On February 12, 2026, the Court issued an order stating that: "On or before March 4, 2026, the parties shall file a joint notice proposing three dates that the parties find mutually agreeable for the settlement conference." Doc. 50. Mobley filed a notice proposing three dates. Doc. 51. In the notice, Mobley represented that she "conferred with Defendant Wilson Graves by calling 470-341-3465.[2] Mr. Graves verbally stated that 'any time is ok' for his attendance and agreed to the three dates [proposed]." *Id.* Here, the notice filed was not filed jointly, leaving the Court to rely solely on Mobley's representation that she conferred with Graves.

Nevertheless, the Court relied on Mobley's representation of Graves' availability and issued an order noticing the settlement conference for May 18, 2026 and setting the following pre-conference deadlines:

> **Accordingly, before arriving at the settlement conference** the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court as follows:
>
> 1. **On or before April 29, 2026**, Plaintiff shall make a written offer to Defendant, which contains a detailed explanation of the basis for any monetary amount or other type of relief demanded; and
>
> 2. **On or before May 6, 2026**, Defendant shall make a written counter-offer to Plaintiff with an explanation of how it arrived at any monetary amount or other type of relief offered. In the event the foregoing exchange does not resolve this matter, it is further ORDERED that:
>
> **On or before May 13, 2026**, each party shall provide the undersigned with a concise confidential statement of the evidence the party expects to produce at trial and a full outline of the settlement negotiations to date, including a copy of Plaintiff's written offer and Defendant's counter-offer outlined above. Each party shall e-mail their respective reports to chambers at: **chambers_flmd_Irick@flmd.uscourts.gov**.

---

[2] The undersigned notes that this is not the phone number the Clerk has on file for Graves.

Doc. 54 (emphasis in original).    Neither party submitted their pre-conference confidential statement by the May 13, 2026 deadline.    However, on May 14, 2026, Mobley emailed the chambers email address with a message explaining her reason for missing the May 13 deadline, summarizing the issue in dispute, and representing the following:

> I have not been able to contact Mr. Graves via phone and I am not certain that he has received the previous mail notifications that I have sent per the court previous order Doc 50. Therefore, I am not able to confirm that the address that I have been sending notification is still a valid address.

*See* **Exhibit 1**.  The undersigned never received any pre-conference correspondence from Graves. Accordingly, Graves has not complied—or attempted to comply—with any of the deadlines in the Court's pre-conference order.

On May 18, 2026, the Court held the settlement conference as scheduled.  *See* Doc. 56. Mobley made an appearance, but Graves did not.  After waiting approximately half an hour for Graves to arrive, the undersigned adjourned the proceedings.  *Id.*  Graves' absence at the settlement conference is a further violation of the Court's orders.

Lastly, Graves has not maintained a current address with the Court, leading the undersigned to believe that he has abandoned the case.  *See Weston v. St. Petersburg Police Dep't,* 2010 WL 3154096, at *1 & n.4 (M.D. Fla. Aug. 9, 2010) (collecting cases for the proposition that it is a party's "responsibility to clearly and expressly notify the Court of any change of address"); *see also, Guide for Proceeding Without a Lawyer*, Middle District of Florida (Feb. 10, 2022), at 15 ("If you change your name, phone number, or address, you must update your information with the court.").  The undersigned has made mention throughout this report of the difficulties Mobley and the Clerk's office have had in contacting Graves—be it by phone or by U.S. mail.  Indeed, the docket reflects that the Court's most recent order was returned as undeliverable as to Graves.  Doc. 55.

In sum, the Court has already dismissed this case once due to the parties' failure to abide by the Court's orders. The Court reopened the case to give the parties an opportunity to settle the dispute, but Graves has altogether ignored the Court's pre-settlement conference orders and instructions. In contrast, Mobley has made a good faith effort to participate in the case and abide by the Court's orders—although doing so has proved challenging without Graves' participation. By failing to: abide by the Court's orders, maintain current contact information and participate in the case since November 2025, the undersigned is left to conclude that Graves has willfully abandoned the case and finds that the sanction of default judgment is warranted. *See* Rules 16(f), 37(b)(2)(A)(vi).

Finally, the undersigned reiterates that, pursuant to the Complaint and its attachments, Mobley is the named beneficiary under the Policy and entitled to the Death Benefits due to the 2022 change in beneficiary. While Graves appears to have sought to challenge that change in beneficiary as invalid, he has failed to litigate this case or otherwise establish the invalidity of the change in beneficiary and, essentially, abandoned his challenge.

## IV.    CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that the Court order the Clerk to **ENTER DEFAULT JUDGMENT** against Graves as a sanction pursuant to Rule 16(f) and due to his abandonment in this case of any claim he may have to the interpleader funds.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-

to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida on May 22, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Unrepresented parties